**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WANDA L. COBB, | DOCKET NUMBER |
| Appellant, | DA-0752-17-0373-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: January 27, 2023 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Wanda L. Cobb, Harlingen, Texas, pro se.

Bianca R. Deforest, Goodfellow Air Force Base, Texas, for the agency.

Charles R. Vaith, Esquire, and James T. Hedgepeth, Randolph Air Force
    Base, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the appellant's petition for review and AFFIRM the initial decision to the extent that it dismissed as settled all disputes, issues, and disagreements between the appellant and the agency that are unrelated to her age discrimination claim. However, we VACATE the initial decision to the extent that it dismissed the appellant's age discrimination claim as settled and REMAND the appeal for further adjudication of her age discrimination claim in accordance with this Remand Order.

## BACKGROUND

¶2      The agency removed the appellant from her position of Accounting Technician. Initial Appeal File (IAF), Tab 10 at 82. She filed a timely appeal with the Board, alleging among other things that the agency discriminated against her based on age. IAF, Tab 1 at 5, Tab 39 at 3, Tab 62 at 1. She requested a hearing. IAF, Tab 1 at 2.

¶3      During the hearing, the parties entered into an oral settlement agreement on March 29, 2018, and the agency representative read it into the record. IAF, Tab 65, Hearing Audio at 26:46-35:30, Tab 66, Initial Decision (ID) at 1-2. The terms of the oral agreement included, inter alia, that the appellant's removal would be changed to reflect that she voluntarily resigned, her Official Personnel

File would be purged of documents relating to her removal, and the agency would provide a neutral job reference and pay her $15,000. Hearing Audio at 26:46‑35:30. In exchange, the appellant agreed to resolve and dismiss her Board appeal and her pending equal employment opportunity (EEO) complaints against the agency. Hearing Audio at 30:49‑31:24. After the agency representative read the oral agreement into the record, the appellant affirmed that she had no disagreement with the stated terms of the agreement, that she understood it, and that she voluntarily entered into the agreement to resolve the appeal. Hearing Audio at 35:09-35:41. The administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal as settled after making the following findings: (1) the oral agreement was lawful on its face; (2) the parties understood the terms of the oral agreement and the only enforceable terms were those read into the record on March 29, 2018; (3) the parties entered into the agreement voluntarily; and (4) they asked the Board to enter the agreement into the record for enforcement purposes. ID at 1-2.

¶4 The appellant has filed a petition for review, the agency has responded in opposition to her petition, and the appellant has replied. Petition for Review (PFR) File, Tabs 1, 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's allegation that the agency asked her to sign a written settlement agreement provides no basis for reversing the initial decision.

¶5 The appellant alleges on review that the agency representative unnecessarily sent her a written settlement agreement to sign and that the written version differed from the oral settlement agreement read into the record at the hearing. PFR File, Tabs 2-3. The appellant's arguments present no basis to disturb the initial decision.

¶6 Generally, an oral settlement agreement is valid and binding on the parties even though the appellant subsequently declines to sign a written document

memorializing the terms of the agreement. *Schwartz v. Department of Education*, 113 M.S.P.R. 601, ¶ 7 (2010). The administrative judge dismissed the appeal based on the oral settlement agreement, and he properly ensured that the terms of the agreement were memorialized in the record. ID at 1-2; Hearing Audio at 26:46-37:17; *see Parks v. U.S. Postal Service*, 113 M.S.P.R. 60, ¶ 11 (2010) (explaining that, before dismissing an appeal based on an oral settlement agreement, the administrative judge should document whether the parties intended it to be entered into the record for enforcement and ensure that the terms are memorialized in the record). Moreover, the recording of the oral settlement agreement clearly indicates that the parties intended the terms read into the record to be binding and enforceable. Hearing Audio at 26:46-37:17. In any event, the terms of the oral settlement agreement are identical to those in the agency's draft written agreement. Hearing Audio at 26:46‑35:30; PFR File, Tab 1 at 8-10.

The appellant has not shown a basis for reversing the initial decision dismissing her non-age discrimination claims as settled.

¶7 A party may challenge the validity of a settlement agreement if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 18 (2016). The party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation. *Id*. For the reasons stated below, we find that the appellant has not shown a basis for reversing the initial decision dismissing her non-age discrimination claims as settled pursuant to the terms of the parties' oral settlement agreement.

¶8 The appellant alleges on review that the settlement agreement is unlawful because the term prohibiting her from applying for Air Force jobs for 3 years from the effective date of her resignation violates the Texas Statute of Frauds. PFR File, Tab 1 at 3-4. The relevant code section requires that certain types of promises or agreements be in writing and signed by the party to be charged with fulfilling the promise. *See* Texas Business & Commercial Code Annotated

§ 26.01(b). However, we are not persuaded by her argument. Oral settlement agreements are valid before the Board. *Futrell-Rawls v. Department of Veterans Affairs*, 115 M.S.P.R. 322, ¶ 8 (2010); *see* U.S. Const. art. VI, cl. 2 (the Supremacy Clause). Moreover, the appellant's post-settlement remorse or change of heart about one of the mutually agreed upon terms is an insufficient basis for invalidating the agreement. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013). Similarly, to the extent that the appellant expresses regret for having raised a claim in her removal appeal that the agency violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301‑4335), this regret does not form a basis for finding the global nature of the agreement invalid. PFR File, Tab 1 at 3. Nor has the appellant explained how her misunderstanding as to the Board's lack of quorum period caused her to include her USERRA claim in her underlying appeal. PFR File, Tab 1 at 4. In any event, her unilateral misunderstanding is not a basis to invalidate the agreement for a mutual mistake of fact. *Krzewinski v. U.S. Postal Service*, 72 M.S.P.R. 353, 362 (1996).

¶9    The appellant also suggests that the agreement is unlawful because the administrative judge has no jurisdiction over her EEO claims. PFR File, Tab 1 at 3-4. We disagree. The Board retains jurisdiction under 5 U.S.C. § 1204(a)(2) to enforce an agreement if it has been entered into the record for that purpose. *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶ 16 (2017). Here, the parties agreed to settle both the appeal and the appellant's pending EEO complaints. Hearing Audio at 28:37-29:34. The administrative judge entered the agreement into the record for enforcement purposes at the parties' request. Hearing Audio at 26:46‑37:17. Therefore, the Board retains jurisdiction to enforce the entire agreement.[2]

---

[2] But see the discussion below regarding oral waivers of age discrimination claims.

¶10 The appellant also alleges that the settlement agreement was the result of the administrative judge falsely claiming an equipment failure during the hearing so that he could discuss settlement with the parties. PFR File, Tab 1 at 3. To prove an allegation of coercion by an administrative judge, a party must present evidence that she involuntarily accepted the terms of another, the circumstances permitted no other alternative, and the circumstances resulted from the administrative judge's coercive acts. *Brown v. Department of Defense*, 94 M.S.P.R. 669, ¶ 11 (2003). The hearing audio reflects that the video portion of the videoconferencing was "dropped" at various points, substantiating that there were equipment failures during the hearing. *E.g.*, Hearing Audio at 26:00-26:21. The appellant does not otherwise provide evidence that the administrative judge was dishonest as to these equipment failures. Further, administrative judges are permitted to engage in frank settlement discussions with the parties. *Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 11 (2013). Thus, we disagree that the administrative judge engaged in coercion.

The appellant has not shown that she lacked the mental capacity to enter into a valid settlement agreement.

¶11 On review, the appellant appears to argue that the settlement agreement was invalid because the agency and the administrative judge knew that she had received treatment for mental health issues resulting from workplace stress. PFR File, Tab 1 at 4. A party to a settlement agreement is presumed to have full legal capacity to contract unless she is mentally disabled, and the mental disability is so severe that she cannot form the necessary intent. *Parks*, 113 M.S.P.R. 60, ¶ 8. We find that the appellant has not overcome the presumption of capacity.

¶12 Although the appellant alleges that she required medical treatment and mental health counseling for stress caused by the agency, the appellant offers no evidence or argument that she had a severe mental disability that prevented her from forming the necessary intent when she entered into the oral settlement agreement. PFR File, Tab 1 at 4. The appellant's unsupported claim that her

mental state precluded her from entering into a valid settlement agreement is outweighed by her demonstrated ability to pursue her case pro se on appeal and on review.[3]  For example, she filed more than 22 pleadings on appeal, including motions, objections, and prehearing submissions.  IAF, Tabs 30-31, 34-37, 41-46, 48-50, 53, 56-60, 64.  She also filed a pro se petition for review and replied to the agency's response in opposition to her petition.  PFR File, Tabs 1, 6.  We therefore find that the appellant has not met her burden of showing that her mental state precluded her from entering into a valid settlement agreement.  *See generally Parks*, [113 M.S.P.R. 60](#), ¶ 8.

<u>The appellant's allegation of adjudicatory error and her arguments challenging the merits of her removal provide no basis for invalidating the settlement agreement.</u>

¶13     The appellant alleges on review that the administrative judge abused his discretion by allowing the agency to recall witnesses to testify against her at the hearing and she argues the merits of her appeal.  PFR File, Tab 1 at 2-3.  The record reflects that the administrative judge granted the agency's request to recall two witnesses to provide testimony on the appellant's additional claims accepted during the hearing.  IAF, Tab 62 at 1.  The appellant did not identify those claims prior to or at the prehearing conference.[4]  *Id.*  We find that the appellant's allegations challenging the administrative judge's ruling on the agency's motion

---

[3] At the hearing, the administrative judge observed that the agency representative reviewed the terms of the oral agreement with the appellant before reading it into the record.  Hearing Audio at 26:47-27:30.  The appellant also affirmed on the record that she understood the terms of the agreement, that she had no disagreement with the terms of the agreement as read into the record by the agency representative, and that she voluntarily entered into the agreement to resolve the appeal.  Hearing Audio at 35:09-35:41.

[4] In granting the agency's motion, the administrative judge limited the witnesses' testimony to relevant and material testimony related to the new claims raised by the appellant at the hearing.  IAF, Tab 62 at 1.  We find that the administrative judge acted within his discretion in granting the agency's motion.  *See* [5 C.F.R. § 1201.41](#)(a)-(b)(8), 10 (authorizing administrative judges to rule on motions and witness lists and order the appearance of witnesses whose testimony would be relevant and material).

to recall two witnesses to testify about new claims she raised at the hearing, and her additional arguments challenging the merits of her appeal,[5] provide no basis to disturb the initial decision because her arguments do not concern the validity of the oral settlement agreement. Here, the appellant agreed to dismissal of her appeal as settled, divesting the Board of jurisdiction to review the merits of her case. Hearing Audio at 30:49-31:23; *see Nease v. Department of the Army*, 103 M.S.P.R. 118, ¶ 17 (2006) (explaining that an appellant's waiver of her appeal right in a settlement agreement divested the Board of jurisdiction to review the merits of that appeal).

The appellant's oral agreement to waive her age discrimination claim is invalid because the agency did not comply with the requirements of the Older Workers Benefit Protection Act of 1990 (OWBPA).

¶14    The appellant raised a claim of age discrimination below, and she generally disputes the inclusion of her claims of EEO discrimination in the settlement agreement. PFR File, Tab 1 at 2-3; IAF, Tab 39 at 3. Before accepting a settlement agreement of an appeal in which age discrimination has been alleged, the Board must first verify that the agency has complied with the provisions of the OWBPA. *See* 29 U.S.C. § 626(f)(1)(A)‑(E), (f)(2); *Hinton*, 119 M.S.P.R. 129, ¶ 7. As relevant here, the OWBPA requires that a waiver of rights or claims under the Age Discrimination in Employment Act be in writing, and the appellant be advised in writing to consult with an attorney before executing the agreement and given a reasonable amount of time to consider it. 29 U.S.C. § 626(f)(1)(A)‑(E), (f)(2). Here, the agreement does not meet these requirements because it is oral and there is no indication that the agency advised the appellant to consult with an attorney. Because the agency's failure to comply with the OWBPA invalidated the appellant's waiver of the appellant's age

---

[5] For example, the appellant argues that the administrative judge failed to address the merits of the claims she raised on appeal, and she claims that her removal and a nonselection were prohibited personnel practices. PFR File, Tab 1 at 2-3.

discrimination claim, we remand the appeal for further adjudication of that claim only. *Hinton*, 119 M.S.P.R. 129, ¶ 9. The appellant's waiver of her other claims remains in effect. *Id*. Thus, on remand, the merits of the removal action are not at issue except to the extent that the administrative judge needs to address them to decide whether the appellant can prove her affirmative defense of age discrimination.

The appellant's claim of agency noncompliance is premature.

¶15    On review, the appellant also raises a claim of agency noncompliance, arguing that she has not received payment under the terms of the agreement and her attorney fees remain unpaid. PFR File, Tab 1 at 3. This claim is premature because the initial decision in the underlying appeal was not yet final when she raised this claim on review. *See generally Walker v. Department of Health & Human Services*, 99 M.S.P.R. 367, ¶ 8 (2005) (finding that the appellant filed a petition for review of the initial decision prior to filing a petition for enforcement and therefore the initial decision was not a final decision and the petition for enforcement was premature).

¶16    We also decline to consider the appellant's claim that the agency breached her "rights to privacy and confidentiality by sending [her] an email" regarding its request that she sign a written version of the agreement. PFR File, Tab 1 at 3. To the extent that the appellant argues the agency breached the confidentiality provision of the agreement, her claim is premature. Hearing Audio at 29:30−30:16. To the extent that she is raising a new claim that the agency violated Federal privacy laws, that claim is not properly before the Board. *See* 5 C.F.R. § 1201.115 (discussing the criteria for granting a petition for review). [6]

---

[6] On February 14, 2019, June 4, 2019, June 17, 2019, September 9, 2019, November 30, 2019, and July 11, 2020, the appellant filed motions to submit new evidence. PFR File, Tabs 12, 15, 18, 20, 22, 25. In her motions, the appellant proffers that the agency has failed to update her personnel records. PFR File, Tab 12, Tab 15 at 1, Tab 25 at 2. She further avers that the agency has provided her a negative job reference, has "hurt [her] financially with false information," has committed both fraud and "breach of contract,"

**ORDER**

¶17     For the reasons discussed above, we affirm the initial decision to the extent that it dismissed as settled the appellant's non-age discrimination claims. We remand this case to the Dallas Regional Office for further adjudication of her age discrimination claim in accordance with this Remand Order. On remand, the administrative judge shall afford the appellant the opportunity between (1) pursuing her age discrimination claim and (2) ratifying the waiver of that claim in a written agreement that complies with the requirements of the OWBPA. *See Schwartz*, 113 M.S.P.R. 601, ¶¶ 13-14 (explaining an appellant's option to elect between these alternatives).

FOR THE BOARD:                                     /s/ for
                                                   _____
                                                   Jennifer Everling
                                                   Acting Clerk of the Board
Washington, D.C.

---

and has "violated the [OWBPA]." PFR File, Tab 15 at 2–3, Tab 18 at 2, Tab 20 at 1, Tab 25 at 1-2. We deny the appellant's motions because she has not explained how the proposed evidence concerns the validity of the parties' settlement agreement, apart from her assertions regarding the OWBPA addressed above, or would affect the outcome of her appeal. Moreover, her evidence of alleged agency noncompliance is premature. *See Walker*, 99 M.S.P.R. 367, ¶ 8.